# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EDWARD ALLEN MOORE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF ST. LOUIS, et al., ) <br> ) <br> Defendants. ) | No. 4:17-CV-1912 JAR |

## MEMORANDUM AND ORDER

Plaintiff, proceeding pro se, brings this action under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights. Plaintiff asserts he is a homeless resident of the City of St. Louis and seeking services from Biddle House, a facility serving the needs of the homeless which is owned by the City and staffed by St. Patrick Center and Peter and Paul Community Services, Inc. In his original complaint and motions for injunctive relief filed on July 5, 2017, Plaintiff alleged he was given a "routing slip" at Biddle House that allowed him to take showers, wash his clothes and obtain meals. Plaintiff further alleged that after he became a "critic" of Biddle House, Peter and Paul Community Services, Inc. and St. Patrick Center, employees of Biddle House began to retaliate against him by refusing him services. Plaintiff sought an ex parte hearing on his motion to temporary restraining order, but was instructed to notify Defendants and/or their counsel of his intent to seek a hearing prior to being given a hearing date.

On July 13, 2017, Plaintiff filed a second amended complaint and renewed his motions for temporary restraining order and preliminary injunction, stating that Biddle House was refusing to renew his routing slip, effectively cutting him off from services, including food,

laundry, showers and a bed. Based on Plaintiff's allegations in his renewed motion for temporary restraining order, the Court held an emergency hearing on the motion on July 13, 2017. A representative from the City testified that Plaintiff was in good standing at Biddle House, able to receive services there, and provided Plaintiff with contact information in order to attain services. On July 14, 2017, this Court denied Plaintiff's motion for temporary restraining order and renewed motion for temporary restraining order based on Plaintiff's failure to present any evidence showing a likelihood of success on the merits or a threat of irreparable harm (Doc. No. 17).

This matter is now before the Court on Plaintiff's pro se Motion for Relief from Judgment filed pursuant to Fed. R. Civ. P. 60(b)(2) and (3) (Doc. No. 18). In support of his motion, Plaintiff submits an email from the Director of the Biddle House dated July 14, 2017, stating that he had arranged for Plaintiff to receive a routing slip. (Doc. No. 18-1). Plaintiff contends the email is newly discovered evidence that he does in fact need a routing slip, and proves Defendants lied to the Court at the July 13, 2017 hearing by representing he did not need one to access services at the Biddle House, i.e., a fraud upon the Court.

A party moving for reconsideration pursuant to any portion of Rule 60(b) must "establish 'exceptional circumstances' to obtain the 'extraordinary relief' the rule provides." Prosser v. Nagaldinne, 2013 WL 308770, at *1 (E.D. Mo. Jan. 25, 2013) (quoting De Wit v. Firstar Corp., 904 F.Supp. 1476, 1496 (N.D. Iowa 1995)). A Rule 60(b) motion is not a vehicle for rearguing the merits of a claim. Harris v. Potter, 2009 WL 1045475, at *2 (E.D. Mo. Apr. 20, 2009). While Plaintiff's arguments may go to the merits of his underlying claim that his First Amendment rights were violated, they do not impact the Court's analysis on the propriety of injunctive relief and Plaintiff has asserted no new grounds for relief in his motion for reconsideration.

In addition, the Court takes judicial notice of the fact that on July 23, 2017, Plaintiff was arrested and charged in St. Louis City Circuit Court with four counts of first degree assault and four counts of armed criminal action. See State v. Moore, Case No. 1722-CR03137. His current incarceration moots any request for emergency injunctive relief at this time for services he cannot access. For the reasons set out in the Court's July 14, 2017 Memorandum and Order and incorporated by reference herein, Plaintiff's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Fed. R. Civ. Pro. 60(b)(2) and (3) Motion for Relief from Judgment [18] is **DENIED**.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

Dated this 4th day of August, 2017.