UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| EDWARD ALLEN MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-01912 JAR |
| | ) | |
| CITY OF ST. LOUIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on motions to dismiss filed by Defendants City of St. Louis and Mayor Lyda Krewson (Doc. No. 33); Peter and Paul Community Services, Inc. (Doc. No, 40); and St. Patrick Center[1] (Doc. No. 52). Plaintiff was granted several extensions of time to respond to the motions (Doc. Nos. 44, 46, 63, 70), and most recently up to and including March 21, 2018 (Doc. No. 68). To date he has not responded. The Court will, therefore, rule on Defendants' unopposed motions.

**I.     Background**

Plaintiff Edward Allen Moore, proceeding pro se, filed this action on July 5, 2017, pursuant to 42 U.S.C. § 1983 for alleged violations of his civil rights, against the City of St. Louis ("the City"); St. Louis Mayor Lyda Krewson ("Mayor Krewson"); Biddle House Opportunity Center[2] ("Biddle House"); St. Patrick Center ("St. Patrick"); Peter and Paul Community Services, Inc. ("Peter and Paul"); Biddle House Staff Person Keneesha Unknown;

---

[1] Although St. Patrick Center has never been served, following the issuance of an alias summons on November 13, 2017, it filed a motion to dismiss on December 8, 2017.

[2] Biddle House and staff members were served on July 21, 2017; no answer was filed.

1

Biddle House Staff Person Emma Unknown; and Six John Doe Biddle House Staff Persons. (Doc. No. 1) In his original complaint and motions for injunctive relief, Plaintiff asserted he was a homeless resident of the City of St. Louis seeking services from Biddle House, a facility owned by the City which purportedly "serves the needs of the homeless and is staffed by St. Patrick Center," and serviced by Peter and Paul. Plaintiff alleged that in June of 2017, he was given a "routing" slip[3] at Biddle House that allowed him to take showers, do laundry and obtain meals. Plaintiff further alleged that after he became an "outspoken critic" of Biddle House, voicing his criticisms on certain media websites as well as on Defendants' websites, Biddle House began to retaliate against him by denying him services. Plaintiff sought an ex parte hearing on his motion for temporary restraining order, but was instructed to notify Defendants of his intent to seek a hearing prior to being given a hearing date.

On July 10, 2017, Plaintiff amended his complaint to add a claim that he was being denied an overnight bed by Biddle House. (Doc. No. 7) On July 13, 2017, he filed a second amended complaint (Doc. No. 8), and renewed his motions for temporary restraining order and preliminary injunction (Doc. Nos. 9, 11). Plaintiff alleged that Biddle House was refusing to renew his routing slip, effectively cutting him off from services, including food, laundry, showers and a bed.

Based on Plaintiff's allegations in his renewed motion for temporary restraining order, the Court held an emergency hearing on July 13, 2017. A representative from the City testified that Plaintiff was in good standing at Biddle House, able to receive services there, and provided Plaintiff with contact information in order to attain services. On July 14, 2017, this Court denied Plaintiff's motion for temporary restraining order and renewed motion for temporary restraining

---

[3] A routing slip identifies services available to homeless persons at Biddle House.

order based on his failure to present any evidence showing a likelihood of success on the merits or a threat of irreparable harm (Doc. No. 17). His motion for reconsideration was denied on August 4, 2017. (Doc. No. 32)

Plaintiff alleges three claims against Defendants in his second amended complaint. First, he alleges that all of the Defendants, in their individual and official capacities, retaliated against him in violation of the First Amendment by failing to provide him services at Biddle House. Second, Plaintiff alleges he was denied property, in violation of the Fourteenth Amendment, when Defendants kept his clothing at Biddle House after an alleged verbal dispute. Lastly, Plaintiff asserts that Defendants deprived him of procedural due process in violation of the Fourteenth Amendment. Plaintiff seeks compensatory and injunctive relief in connection with his claims.

**II.     Legal Standard**

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Stringer v. St. James R-1 Sch. Dist., 446 F.3d 799, 802 (8th Cir. 2006) (quoting Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)). "[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." Id. (internal quotation omitted).

**III.    Discussion**

**A. Peter and Paul Community Services and St. Patrick Center**

To state a claim under § 1983, a plaintiff must allege that he has been deprived of a constitutional right by a person acting under color of state law. Sabri v. Whittier All., 833 F.3d 995, 999–1000 (8th Cir. 2016) (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 942 (1982)). Importantly, "[o]nly state actors can be held liable under Section 1983." Carlson v. Roetzel & Andress, 552 F.3d 648, 650 (8th Cir. 2008). There is no allegation that Peter and Paul and St. Patrick, both private non-profit organizations, are state actors. However, a private party may be held liable under § 1983 if it is a "willful participant in joint action with the State or its agents." Mershon v. Beasley, 994 F.2d. 449, 451 (8th Cir. 1993).

To hold a private party liable under § 1983, a plaintiff must allege, at the very least, "that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." Miller v. Compton, 122 F.3d 1094, 1098 (8th Cir. 1997); Mershon, 994 F.2d. at 451. The facts alleged with respect to a mutual understanding or conspiracy must be specific and may not be merely conclusory. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A threadbare recital of an element of a cause of action is insufficient to sustain a § 1983 claim against a private party. See Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010) (stating a plausible § 1983 "conspiracy claim" among state actors and non-state actors "requires allegations of specific facts tending to show a 'meeting of the minds' among the alleged conspirators").

Plaintiff has alleged no facts plausibly suggesting that Peter and Paul and/or St. Patrick acted in concert with state authorities to violate his constitutional rights. See Carlson, 552 F.3d at 651 (holding that to find "private parties liable as state actors, this court has required joint action or conspiracy with state authorities"). Although Plaintiff alleges that St. Patrick "staffed" the Biddle House and that Peter and Paul "supervised" the Biddle House (FAC ¶ 7), a private corporation cannot be held liable under § 1983 on a theory of respondeat superior. Johnson v.

4

The Bridge, No. 4:14-CV-884 JAR, 2014 WL 2711795, at *2 (E.D. Mo. June 16, 2014) (citing Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995)). Instead, a private corporation will only be liable for its own unconstitutional policies. Id. (quoting Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993); Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978)). In this case, Plaintiff has not identified any such policy.

Even if Peter and Paul and St. Patrick were state actors, Plaintiff has not alleged any facts to support a First Amendment retaliation claim or Fourteenth Amendment due process claim against either of them. To successfully plead a First Amendment retaliation claim, a plaintiff "must show (1) that he engaged in a constitutionally protected activity; (2) that the defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated in part by [the plaintiff's] exercise of his constitutional rights." Scheffler v. Molin, 743 F.3d 619, 621 (8th Cir. 2014). Plaintiff alleges in a conclusory manner that his First Amendment right to free speech was violated when all of the named Defendants retaliated against him for his criticism of Biddle House and/or condoned retaliation. There are, however, no specific allegations of adverse action taken by either Peter and Paul or St. Patrick.

To state a procedural due process claim pursuant to § 1983, a plaintiff must show that he has been deprived of a constitutionally protected life, liberty, or property interest. Mulvenon v. Greenwood, 643 F.3d 653, 657 (8th Cir. 2011) (quoting Davenport v. Univ. of Ark. Bd. of Trs., 553 F.3d 1110, 1114 (8th Cir. 2009)). Plaintiff alleges he was deprived of his property and procedural due process "pursuant to de facto official policy" when Biddle House refused to return his clothes after he had used the laundry services. Again, there are no specific allegations of adverse action taken by either Peter and Paul or St. Patrick or identification of any

unconstitutional policy.

Because Plaintiff's allegations, even liberally construed, do not give rise to actionable claims against either Peter and Paul or St. Patrick under § 1983, their motions to dismiss will be granted.

**B. City of St. Louis**

To state a claim for municipal liability under § 1983 against the City[4], Plaintiff must identify a governmental policy or custom that resulted in the alleged constitutional violation. Monell, 436 U.S. at 690-91; Brockinton v. City of Sherwood, 503 F.3d 667, 674 (8th Cir. 2007). A governmental policy "involves a deliberate choice to follow a course of action ... made from among various alternatives by an official who has the final authority to establish governmental policy." Jane Doe A. v. Special Sch. Dist. of St. Louis County, 901 F.2d 642, 645 (8th Cir. 1990). A governmental custom involves "a pattern of persistent and widespread ... practices which bec[o]me so permanent and well settled as to have the effect and force of law." Id. at 646.

While a plaintiff need not specifically plead or identify an unconstitutional policy or custom to survive a motion to dismiss, at the very least, a plaintiff must allege facts which would support the existence of such a policy or custom. See Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 591 (8th Cir. 2004). Failure to include "any 'allegations, reference, or language by which one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom' renders the complaint deficient." Id. (quoting Doe v. Sch. Dist. of Norfolk, 340 F.3d 605, 614 (8th Cir. 2003)); see also Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[4] Moore's claims against Mayor Krewson in her official capacity are in actuality only against the City. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

Here, the complaint does not sufficiently allege the existence of an official unconstitutional policy or unofficial custom for which the City is liable under § 1983. The most detailed allegation in the complaint regarding any policy or custom simply states that Defendants jointly and severally, in their official and individual capacities, "pursuant to the de facto official policy of said Defendants," deprived Plaintiff of his property and procedural due process in violation of the Fourteenth Amendment. (SAC ¶¶ 24, 25) The complaint describes discreet actions taken by Biddle House staff which Plaintiff believes show that Defendants are violating his constitutional rights (SAC ¶¶ 17, 19, 20), but does not include any allegations or references by which the Court can reasonably infer that these actions resulted from an official City policy or custom. Further, given the inability to rely on respondeat superior, see Monell, 436 U.S. at 691, Plaintiff is foreclosed from asserting the City's liability for any alleged actions taken by others.

Therefore, the pleadings are not sufficient to show actions under color of state law based on an unconstitutional policy or custom with the sufficiency necessary to maintain a § 1983 claim against the City. See Williams v. City of Carl Junction, Mo., 480 F.3d 871, 878 (8th Cir. 2007) (failure to state a claim for a deprivation of a constitutional right is fatal to a § 1983 claim against the municipality). The City's motion to dismiss will, therefore, be granted.

**C. Mayor Krewson**

As for Plaintiff's claims against Mayor Krewson in her individual capacity, there is no vicarious liability under § 1983. Monell, 436 U.S. at 691. Government officials are personally liable only for their own misconduct. S.M. v. Krigbaum, 808 F.3d 335, 340 (8th Cir. 2015). "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). Here, Plaintiff has not alleged that Mayor Krewson was personally involved in or directly responsible for retaliation or

deprivation of his property without due process. See Jane Doe A., 901 F.2d at 645 (setting out standard for individual liability, which mirrors standard for municipal liability). Thus, individual liability cannot be attributed to Mayor Krewson under § 1983 for the actions of staff at Biddle House. See Pitts v. City of Cuba, 913 F. Supp.2d 688 (E.D. Mo. 2012). Mayor Krewson's motion to dismiss will, therefore, be granted.

### D. Biddle House

Because Plaintiff has failed to state a claim against the City, Mayor Krewson, Peter and Paul, and St. Patrick, the Court will sua sponte dismiss Plaintiff's claim against Biddle House since its liability was founded on the same facts and law. Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992) (per curiam) ("[A] sua sponte dismissal without prior notice [to plaintiff] under Rule 12(b)(6) is authorized … 'when it is patently obvious the plaintiff could not prevail based on the facts alleged in the complaint.'"); Smith v. Boyd, 945 F.2d 1041, 1042-1043 (8th Cir. 1991) (district court may dismiss complaint sua sponte under Rule 12(b)(6) following service of process); see Smithrud v. City of St. Paul, 746 F.3d 391, 395, 396 n.3 (8th Cir. 2014).

### IV. Conclusion

After carefully reviewing Plaintiff's pro se complaint, and accepting all of his allegations as true and drawing all reasonable inferences in his favor, the Court finds Plaintiff's factual allegations are insufficient and conclusory; and that the complaint does not provide the necessary factual specificity to survive a Rule 12(b)(6) motion to dismiss. The Court will, therefore, grant Defendants' motions to dismiss and dismiss sua sponte non-movant Biddle House.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant City of St. Louis and Mayor Krewson's Motion to Dismiss [33] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Peter and Paul Community Services, Inc.'s Motion to Dismiss [40] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant St. Patrick Center's Motion to Dismiss [52] is **GRANTED.**

**IT IS FURTHER ORDERED** that on the Court's own motion, Defendant Biddle House is **DISMISSED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Preliminary Injunction [6] and Renewed Motion for Preliminary Injunction [11] are **DENIED as moot.**

A separate judgment of dismissal will accompany this Memorandum and Order.

Dated this 27th day of March, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**